UNITED STATES of America, Plaintiff,

v.

16 SEQUOIA, HAWTHORNE WOODS, ILLINOIS, et al., Defendants,

Peggy Kykta, Myron Kykta, and Olga Kykta, Claimants.

No. 89 C 6790.

United States District Court, N.D. Illinois, E.D.

May 17, 1991.

James A. Shapiro, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Victor F. Ciardelli, Ciardelli and Cummings, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

The United States of America ("Government") seeks forfeiture of approximately $250,000 in cash and a house located at 16 Sequoia, Hawthorne Woods, Illinois ("16 Sequoia") pursuant to 21 U.S.C. § 881(a)(6) & (7). The Government contends that the cash is the proceeds of illegal drug transactions and 16 Sequoia was used to facilitate felony drug offenses. Myron Kykta ("Kykta") claims ownership of the money and the house.[1] The Government moves for summary judgment of forfeiture of the money and 16 Sequoia. For the reasons set forth below, summary judgment of forfeiture is granted.

### UNCONTROVERTED FACTS[2]

In early May of 1989, the United Parcel Service intercepted a package addressed to Kykta at 16 Sequoia containing one kilogram of cocaine. On May 18, 1989, a special agent of the Lake County Metropolitan Enforcement Group ("MEG") delivered the package to Kykta at 16 Sequoia. After-

wards, MEG agents searched 16 Sequoia and found six keys to safe deposit boxes. The agents then searched the safe deposit boxes and found approximately $250,000 in cash.

At a bench trial before the Circuit Court of Lake County Illinois ("Circuit Court"), Kykta testified that the money found in the safe deposit boxes was the proceeds of the sale of his coin collection. Kykta was convicted by the Circuit Court of possession of a kilogram of cocaine with intent to deliver. As part of its ruling, the Circuit Court made the following findings:

I do believe that the defendant acknowledged that he was waiting for a package from Florida. I think his presence at the house at that particular time adds to that, . . . .

Significant evidence in this case towards possession with the intent to deliver of cocaine is the money in safety deposit boxes. The mere possession of money in and of itself is not particularly indicative of guilt, and I would have to say that the fact that the cocaine may be present and the money is a very small factor to be considered because probably unfortunately in this day and age, at least as the trier of fact, I would have to say there's probably cocaine and an awful lot of money that's around. . . .

I heard a number of witnesses concerning coin dealing. The defendant may well have collected coins, may well have sold some coins, may well have done some dealings with his family concerning coin dealing to explain large sums of money. Very frankly, the entire—I don't find credible that people who go to coin collections to buy and sell coins don't have cash with them to make purchases. I don't believe the defendant's testimony. I didn't find the defendant to be credible on the stand, and I don't believe that that money in the safety deposits—I don't find as the trier of the fact, I don't

---

1. Myron Kykta's wife, Peggy Kykta, and his mother, Olga Kykta, settled their claims to the property with the Government. Myron is the only remaining claimant.

2. Since Kykta has not responded to the Government's Local Rule 12(m) statement, the facts as stated therein are considered undisputed. *Bell, Boyd, & Lloyd v. Tapy,* 896 F.2d 1101, 1102 (7th Cir.1990).

believe that the money in the safety deposit boxes was the proceeds of sales of coins.

When we take each piece of evidence alone, it's not sufficient. When we take each piece of evidence together, they are building blocks that all taken together bring this Court to an inescapable conclusion which I find is beyond a reasonable doubt that the defendant did in fact know what was in the package delivered, that he was in fact in possession knowingly of in excess of nine hundred grams of a substance containing cocaine. That taken together with ... the amount of controlled substances that it is, taken together with the money, ... and the handgun, that the defendant was in fact in possession as is charged in Count I with the intent to deliver that cocaine, I therefore find the defendant guilty in the manner and form as charged in Count I.

(Report of Proceedings in *The People of the State of Illinois v. Kykta,* No. 89 CF 969, September 11, 1989 at pages 62–64.)

The Government now brings the present forfeiture action to obtain 16 Sequoia and the cash. The Government has moved for summary judgment contending that Kykta is collaterally estopped by his Circuit Court conviction from denying that 16 Sequoia was used to facilitate narcotics trafficking and that the cash was the proceeds of drug transactions. Kykta responds by claiming estoppel does not arise because he did not have a full and fair opportunity to litigate issues regarding 16 Sequoia or the money at his criminal trial. Furthermore, Kykta submits that the issues decided by the Circuit Court differ from the issues decided here, and therefore he is not estopped from presenting exculpatory evidence to challenge the Government's forfeiture case. For the reasons set forth below, we enter summary judgment of forfeiture in favor of the Government.

## DISCUSSION

Summary judgment is appropriate if "the pleadings, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." Fed.R. Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, a court must view the record and all inferences to be drawn from it in the light most favorable to the non-movant. *Celotex,* 477 U.S. at 322–323, 106 S.Ct. at 2552–53. *Beard v. Whitley County REMC.,* 840 F.2d 405, 409–410 (7th Cir.1988). However, a party confronted by a motion for summary judgment, who bears the burden of proof on a particular issue, must affirmatively demonstrate, by specific factual allegations, that a material fact exists which requires trial. *Beard,* 840 F.2d at 410.

In a forfeiture proceeding under 21 U.S.C. § 881(a)(7), the Government has the initial burden to demonstrate probable cause that the real estate was used in any manner to commit or facilitate a violation of federal narcotics laws. *United States v. Real Estate Known as 916 Douglas Ave.,* 903 F.2d 490, 493–494 (7th Cir.1990). Under 21 U.S.C. § 881(a)(6), the Government has the initial burden to demonstrate probable cause that the money was used or intended to be used to facilitate a violation of federal narcotics laws or that the money constitutes proceeds of narcotics trafficking. *United States v. U.S. Currency, in amount of $103,387.27,* 863 F.2d 555, 561 (7th Cir.1988). Probable cause in the forfeiture context is defined as a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion. *United States v. On Leong Chinese Merchants Association Building,* 918 F.2d 1289, 1292 (7th Cir. 1990). Once probable cause is established, the burden then shifts to the claimant to prove by a preponderance of the evidence that neither the real estate nor the money are subject to forfeiture.

The Government contends that summary judgment of forfeiture is appropriate here because Kykta is estopped from challenging the Circuit Court's findings. The Government argues those findings satisfy its lesser burden of proof, to establish probable cause that 16 Sequoia was used to

facilitate a drug offense and that the money was the proceeds of narcotics trafficking, as well as bar Kykta from establishing his greater burden of proof, to establish by a preponderance of the evidence that 16 Sequoia was not used to facilitate a drug offense and that the money was not the proceeds of narcotics trafficking.

Collateral estoppel can be used to preclude issues that were fully and fairly litigated in a state criminal proceeding from being relitigated in a related federal civil proceeding. *Allen v. McCurry*, 449 U.S. 90, 104, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980). Federal courts must give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so. *Allen*, 449 U.S. at 96, 101 S.Ct. at 415–16. The Illinois Supreme Court has set forth the following three elements needed to establish collateral estoppel under Illinois law:

(1) whether the issue decided in the prior adjudication is identical with the one presented in the case in question;

(2) whether there had been a final judgment on the merits; and

(3) whether the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication.

*Ballweg v. Springfield*, 114 Ill.2d 107, 113, 102 Ill.Dec. 360, 499 N.E.2d 1373 (1986).

In asserting that estoppel should not apply, Kykta makes two arguments. Kykta first claims he has not had a full and fair opportunity to litigate the issues in question. Second, Kykta claims the issues presented in this case are different from those presented at his criminal trial.

*Full and Fair Opportunity to Litigate*

■ Kykta first cites to *Kunzelman v. Thompson*, 799 F.2d 1172 (7th Cir.1986) for the proposition that a party's due process right to a full and fair opportunity to litigate an issue is violated if that party did not have the incentive to litigate the issue aggressively in the prior proceeding. *Kunzelman*, 799 F.2d at 1177. Kykta seems to claim that since the only issue before the state court was his guilt or innocence to the narcotics charges, that he did not have

the incentive to aggressively litigate whether 16 Sequoia was involved in the drug transaction or whether the money was the proceeds of narcotics trafficking. A quick examination of the facts presented to the state court shows that this argument is nonsense.

In regard to the house, Kykta's guilt of the possession charge in his criminal trial was based entirely upon one transaction which occurred at 16 Sequoia. Therefore, Kykta's guilt or innocence of that charge, and the use of 16 Sequoia to facilitate a narcotics violation for purposes of this forfeiture proceeding, are the same. We therefore find that Kykta had the incentive to aggressively litigate whether 16 Sequoia was involved in the drug transaction.

In regard to the money, Kykta might have had an argument that he did not have any incentive to aggressively litigate issues regarding the money in the state action; however, Kykta's actions on behalf of his defense belie that conclusion. In his criminal trial, Kykta correctly anticipated that the Court would consider such a large quantity of cash in his safe deposit boxes as evidence of drug trafficking. And as his defense Kykta offered his sister's testimony to attempt to explain the presence of such a large amount of money. Unfortunately, the state court did not find that evidence credible; instead, the court found the money was evidence of possession of cocaine with intent to deliver. Since Kykta's defense at his criminal trial raised the issue regarding the source of the money, he cannot now claim he had no incentive to aggressively litigate that issue. That claim is specious.

We find Kykta had a full and fair opportunity to litigate issues concerning whether 16 Sequoia was used to facilitate a narcotics violation and whether the money was the proceeds of narcotics trafficking.

*Identity of Issues*

■ Kykta attempts to take a second bite of the apple by transforming his due process argument into an attack of one prong of the *Ballweg* test: whether the money was connected with narcotics traf-

ficking, and whether 16 Sequoia was used to facilitate narcotics offenses. Kykta charges that the state judge never decided these issues.

While the state court may not have specifically articulated in its findings that 16 Sequoia facilitated a drug transaction, and that the money was the proceeds of drug trafficking, we can still find an identity of issues here because necessary inferences from the state court's findings can be given preclusive effect. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985).

At trial, the state court found that Kykta was waiting at 16 Sequoia to receive the package. We can infer from that finding that 16 Sequoia was used to facilitate a violation of federal narcotics laws.

Likewise, in regard to the money, the state court did not believe Kykta's evidence that the money was the proceeds from the sale of coins. Instead, the state court cited to the money as evidence of Kykta's drug trafficking. We can infer from that finding that the money was the proceeds of narcotics trafficking. We therefore conclude that the issues decided in the criminal action are identical to the issues before us.

Since collateral estoppel bars Kykta from challenging the state court's findings, he is unable to refute the Government's prima facie case. We therefore will enter summary judgment in favor of the Government.

## CONCLUSION

For the above stated reasons, summary judgment of forfeiture of 16 Sequoia and the money is entered in favor of the Government.